IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. THOMPSON,

    Plaintiff,

v.                                        CIV. NO. 05-716 WDS/WPL

KRAUSE PLOW CORPORATION, INC.
d/b/a K-PAC EQUIPMENT DIVISION,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO COMPEL**

    Krause Plow Corporation, through its K-Pac Equipment Division, manufactures waste handling equipment. In 1995 David Thompson, by oral agreement, started working for Krause Plow as an independent contractor marketing representative selling waste handling equipment in the western United States. In early January of 2001 Thompson and Krause Plow entered into a written agreement that set forth the terms of the relationship between the parties. Thompson was terminated by Krause Plow in July of 2004. Thompson claims that he was improperly terminated, and has filed suit for breach of contract and breach of the covenant of good faith and fair dealing, seeking to recover both compensatory and punitive damages.

    Thompson has filed a Motion to Compel responses to two requests for production of documents. [Doc. 29] This Order will grant Thompson's Motion.

    *Request for Production No. 5*

    This request asks Krause Plow to produce documents relating to the job duties and job performance of other Krause Plow sales agents, sales representatives or independent sales contractors

from 1999 to the present, including any company, customer or prospective customer complaints. Thompson has agreed to limit the time frame of his request to a four year period, from July 16, 2001 to July 16, 2005. Krause Plow asserts that the requested information is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and that the request is both overbroad and that it would be unduly burdensome to comply.

Whether a matter is relevant is broadly construed during discovery, and a "request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991). While Krause Plow has attempted to restrictively define what issues are relevant to Thompson's claims, Thompson and I are not bound by Krause Plow's attempts. I find that it is possible that the information sought will shed light on whether Krause Plow properly or improperly terminated Thompson.

Krause Plow has failed to carry its burden to establish that the requested discovery is overbroad or that it will be unduly burdensome to comply with the request. *See Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 658 (D. Kan. 1996) ("[A party opposing discovery] bears the burden to support its objection with facts and, if necessary, by affidavits and not merely with conclusions.") Krause Plow has failed to identify how many sales agents, representatives or independent contractors it had during the requested time period. Thus, it has failed to lay a factual predicate for its assertions that it will entail "colossal efforts" to review a "tremendous amount of material" to respond. I will, however, limit the information requested about complaints to those complaints that are found in the personnel files of the sales agents, sales representatives or independent sales contractors, so that Krause Plow is not required to search every email, letter or

other document that it received during the relevant time period that might reflect a complaint by a customer, company or prospective customer.

### *Request for Production No. 15*

This request asks Krause Plow to produce all documents that reflect Krause Plow's current financial worth, including relevant income tax returns, general ledgers, income statements, etc. After discussions between the parties, Thompson withdrew the request for tax returns, general ledgers and similar materials. In its Response, Krause Plow asserts a single objection to this request: that Kansas law applies to this case, and that, under Kansas law, Thompson cannot recover punitive damages for a breach of contract claim. [Doc. 33 at 3-4]

The parties agree that I must apply New Mexico choice of law provisions in determining which law to apply to this dispute. The parties further agree that, in contract cases, New Mexico looks to the law of the place where the contract was consummated, which is the place where the last act necessary for the formation of a contract was accomplished. *See State Farm Mut. Ins. Co. v. Conyers*, 784 P.2d 986, 991 (N.M. 1989) (citing *Pound v. Ins. Co. of N. Am.*, 439 F.2d 1059 (10th Cir. 1971)). Although the contract states that it was executed in Kansas, the contract reflects that it was signed by Krause Plow in Kansas on January 3, 2001 and by Thompson in New Mexico on January 5, 2001. The last act necessary to form the contract was Thompson's signature. Therefore, New Mexico, rather than Kansas, law applies, and Krause Plow must produce documents that reflect its current financial net worth.

IT IS THEREFORE ORDERED THAT Thompson's Motion to compel is hereby granted. Krause Plow will produce the documents delineated above in response to Request for Production No. 5. Krause Plow will further produce documents that reflect its current financial net worth in response

to Request for Production No. 15.

    IT IS SO ORDERED.

                                                                   WILLIAM P. LYNCH
                                                                   UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.